IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR380 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| | ) | |
| JAVIER SUAREZ-PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 33). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

**FACTUAL BACKGROUND**

The Defendant pleaded guilty to a one-count Indictment charging him with illegal reentry, in violation of 18 U.S.C. § 1326(a) & (b)(2). His plea agreement included a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a total offense level of 19 and a 46-month sentence. Suarez-Perez had no objections to the Presentence Investigation Report and was sentenced in accordance with his plea agreement to 46

months imprisonment.  He did not file a direct appeal.  Suarez-Perez raises 19 arguments in his § 2255 motion.  The arguments are discussed below.

## DISCUSSION

### Grounds 1, 2 - Booker

Suarez-Perez argues that he should have received a lesser sentence under *United States v. Booker,* 125 S. Ct. 738 (2005).  He specifically argues that his 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) is improper under *Booker.*

First, with respect to the retroactivity of the *Booker* decision, the Supreme Court stated in *Booker* that its holding applies to "all cases on direct review."  *Id.* at 769.  However, the *Booker* Court did not specifically extent retroactivity to cases on collateral review.  Although the Eighth Circuit has not yet considered this matter, other circuit courts that have determined the issue have concluded that *Booker* is not retroactive on collateral review.  *See, e.g., Green v. United States,* 397 F.3d 101, 103 (2d Cir. 2005); *McReynolds v. United States,* 397 F.3d 479, 480 (7th Cir. 2005), *cert. denied,* 2005 WL 1105026 (U.S. June 6, 2005); *In re Anderson,* 396 F.3d 1336, 1339-40 (11th Cir. 2005).

In addition to the *Booker* Court's failure to include collateral review in its statement regarding retroactivity the Court relies on the following reasoning in support of its conclusion that *Booker* is not retroactive on collateral review:

> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively.  The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* 124 S. Ct. 2519 (2004), holding that *Ring v. Arizona,* 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S. Ct. at 2526; *see also Blakely,* 124 S. Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and a fortiori *Apprendi*) does not apply retroactively on habeas

2

> review"); see also *McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir.2001) (holding that *Apprendi* is not retroactive to cases on collateral review); *In re Joshua,* 224 F.3d at 1283 (denying the retroactive application of *Apprendi* to permit second or successive habeas petitions). Because *Blakely,* like *Ring,* is based on an extension of *Apprendi,* Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review. Accordingly, Dean's proposed claim fails to satisfy the statutory criteria. 28 U.S.C. § 2255. *Id.* It follows that because *Booker,* like *Blakely* and *Ring*, is based on an extension of *Apprendi*.

*In re Anderson,* 396 F.3d at 1339-40.

Second, the Eighth Circuit Court of Appeals has specifically decided that the *Booker* argument raised is meritless in an illegal reentry case with respect to the 16-level enhancement applied in Suarez-Perez's case. *United States v. Garcia-Ramirez,* 2005 WL 1220367, at *1 (8th Cir. May 24, 2005).

For the reasons discussed, the claims raised in Grounds One and Two are denied.

### *Ground Three*

The Defendant argues that the 16-level enhancement is not relevant to his case. This claim is denied.

### *Grounds Four, Five, Seven, Nine, Ten, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen and Eighteen*

These claims relate to matters that would normally be raised in a motion for downward departure, such as: extraordinary family circumstances, ties and responsibilities; reasons why the Defendant reentered the United States; difficult background, including abuse; and limited knowledge of the English language and United States laws.

The Defendant did not file a motion for downward departure, and there was no reason to do so in light of his Rule 11(c)(1)(C) plea agreement for a specific sentence.

These grounds are denied.

3

*Ground 6*

The Defendant objects to a minor factual matter included in the government's version of the offense. The Court is not at liberty to change the government's version of the offense, and this matter had no effect on the Defendant's guideline range or sentence. The claim is denied.

*Ground 11*

The Defendant raises another argument normally seen in a motion for downward departure, relating to his status as a deportable alien subjecting him to harsher confinement because he is ineligible for early release.

The Eighth Circuit has foreclosed this argument, inasmuch as the Defendant has not differentiated his case from any other similarly situated deportable alien. *United States v. Lopez-Salas,* 266 F.3d 842, 848 (8th Cir. 2001). For this reason, and in light of the Rule 11(c)(1)(C) agreement for a specific sentence, this claim is denied.

*Ground Twelve*

Ground Twelve is a case citation, absent argument. This claim is denied.

*Ground Nineteen*

The Defendant argues that he did not "understand his guilty plea," pleaded guilty out of fear of upsetting the United States Attorney, and did not understand the certified interpreter who assisted at the change of plea hearing.

These assertions are contrary to the record. The plea petition indicates that the Defendant understood the charges, penalties, and all aspects of his plea. The Defendant stated in the petition that he was pleading guilty because this step was in "his best

interest." At the change of plea hearing, Magistrate Judge F.A. Gossett specifically told the Defendant to stop the hearing if at any time he did not understand what was happening. (TR 2.)  The Indictment was read in open court.  The Defendant stated that he had discussed the charge with his attorney, he had no questions regarding the charge, he was satisfied with his attorney's representation, he understood the statutory penalties, he had discussed the sentencing guidelines with his attorney, the plea petition and plea agreement were read to him in Spanish by interpreters, he read and understood the plea agreement, he discussed the plea agreement with his attorney, he agreed with the government that the major provisions of the plea agreement were those read in court, and he voluntarily signed the plea agreement absent threat or force.  Judge Gossett specifically asked near the end of the hearing whether the Defendant had "any questions about anything that has occurred at th[e] hearing," and the Defendant responded, "no."  (TR 24.)  At no time did the Defendant interrupt the hearing and say that he did not understand what was being discussed, as he was instructed to do at the beginning of the hearing.  In summary, the record contradicts the arguments made in Ground 19.

    For these reasons, this claim is denied.

## CONCLUSION

    For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to any of his claims.  All claims are denied.

IT IS ORDERED:

1.    The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 33);

2.    Upon initial review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion; and

3.    A separate Judgment will be issued denying the § 2255 motion.

DATED this 13th day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge